USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/20/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
SEAN L. WILLIAMS,                                              :
                                                               :
                                          Plaintiff,           :
                                                               :           1:23-cv-3258-GHW
                      -against-                                :
                                                               :           ORDER
JOSEPH LORMAN, *Magistrate*, *et al.*,                         :
                                                               :
                                          Defendants.          :
------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

      Plaintiff Sean L. Williams brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights, in connection with proceedings that occurred in 2019 and 2020 in Family Court in Bennington, Vermont. Named as Defendants are Magistrate Judge Joseph Lorman, Case Operations Manager Wendy Dickie, and Case Manager Victoria Thorpe, all of whom are located in Bennington; and the Office of Child Support, which is located in Westbury, Vermont. For the following reasons, the Court transfers this action under 28 U.S.C. § 1406 to the United States District Court for the District of Vermont.

**I. DISCUSSION**

      Under 28 U.S.C. § 1391(b), a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

      Under Section 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where

it is subject to personal jurisdiction with respect to the civil action in question.  *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff's constitutional claims relate to Family Court proceedings that were held in Bennington, Vermont, and subsequent state agency action arising in Westbury, Vermont.  He does not plead the residence of any of the defendants, only asserting that the alleged events giving rise to his claims occurred in Bennington and Westbury.  Because Defendants are employed in Vermont and the alleged events occurred in Vermont, from the face of the complaint, it is clear that venue is not proper in this Court under Section 1391(b)(1), (2).

Under 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).  Plaintiff's claims arose in Bennington and Westbury, Vermont, which are located in the District of Vermont, *see* 28 U.S.C. § 126.  Accordingly, venue lies in the District of Vermont, 28 U.S.C. § 1391(b)(2), and in the interest of justice, the Court transfers this action to the United States District Court for the District of Vermont, 28 U.S.C. § 1406(a).

## II.  CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the District of Vermont without delay.  Summonses shall not issue from this court.  This order closes this case.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   April 20, 2023
         New York, New York

                                                 GREGORY H. WOODS
                                               United States District Judge