UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| Sean L. Williams, )<br>)<br>    Plaintiff, )<br>)<br>    v. )<br>)<br>Joseph Lorman, Victoria Thope, )<br>Wendy Dickie, Office of Child Support, )<br>)<br>    Defendants. ) | Case No. 2:23-cv-77 |

**ORDER EXTENDING TIME PERIOD FOR SERVICE OF
PROCESS AND WARNING OF DISMISSAL IF SERVICE IS NOT MADE**

    On April 17, 2023, Plaintiff Sean L. Williams filed a Complaint against Defendants in the District Court for the Southern District of New York ("SDNY"). (Doc. 1.) Plaintiff paid the filing fee. On April 20, SDNY issued an Order to transfer the case to this court (Doc. 3) and it was received the next day (Doc. 5). On August 15, 2023, the court issued an Order to Show Cause ("OSC") requiring Plaintiff to provide proofs of timely service of the summons and Complaint on defendants or good cause for the failure no later than September 15, and warned that failure to file a response would result in dismissal. (Doc. 6.) On September 22, because no proof of service had been filed, the court issued an Order dismissing the case. (Doc. 7.) On September 26, the court was advised that Plaintiff had in fact filed what he perceived to be adequate proof of service. *See* Doc. 8. Thus, on September 27, finding that Plaintiff made a food faith effort to respond to the OSC, the court reinstated the case. (Doc. 9.)

    Plaintiff's submission in response to the OSC consists of copies of the summonses to each Defendant issued by the court on July 13, 2023, and copies of United States Postal Service ("USPS") tracking documents. For the reasons explained below, Plaintiff's response is

insufficient to show valid service of process on Defendants and Plaintiff's time for service is extended under Federal Rule of Civil Procedure 4(m).

I.      **Federal Rule of Civil Procedure 4**

Federal Rule of Civil Procedure 4 provides the framework for service of process once a civil action has been initiated. Proper service is accomplished when the plaintiff causes the summons and a copy of the complaint to be served on the defendant within ninety days after the complaint is filed. Fed. R. Civ. P. 4(c)(1) ("[a] summons must be served with a copy of the complaint"), (m) (requiring service "within 90 days after the complaint is filed"). Under Rule 4(b): "[T]he plaintiff may present a summons to the clerk for signature and seal. If the summons is properly completed, the clerk must sign, seal, and issue it to the plaintiff for service on the defendant. A summons . . . must be issued for each defendant to be served." *Id.* 4(b). "The plaintiff is responsible for having the summons and complaint served . . . and must furnish the necessary copies to the person who makes service." *Id.* 4(c)(1). The person who serves the summons and complaint must be at least eighteen years old and not a party to the action. *Id.* 4(c)(2).

Alternatively, under Rule 4(d), a plaintiff may "notify [the] defendant that an action has been commenced and request that the defendant waive service of a summons." *Id.* 4(d)(1). The defendant "has a duty to avoid unnecessary expenses of serving the summons." *Id.* The notice and waiver request must be in writing, addressed to the defendant or an authorized agent, include a copy of the complaint, two copies of the waiver form, a prepaid means for returning the form, inform the defendant of the consequences of waiving and not waiving service, allow at least thirty days for the defendant to return the waiver, and be sent by reliable means, such as via first-

class mail.[1]  *Id.* 4(d)(a)(A)–(G).  If the defendant fails to execute the waiver "without good cause," the court must order the defendant to pay "the expenses later incurred in making service[.]"  *Id.* 4(d)(2).  "In the absence of service of process (or waiver of service by the defendant, a court ordinarily may not exercise power over a party the complaint names as defendant."  *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999); *see also Esso Expl. & Prod. Nigeria Ltd. v. Nigerian Nat'l Petrol. Corp.*, 40 F.4th 56, 68–69 (2d Cir. 2022) (explaining that for a district court to "lawfully exercise personal jurisdiction over a party[,] the plaintiff's service of process upon the defendant must have been procedurally proper").

Under Rule 4(e), service of process on an individual from whom a waiver of service has not been obtained may be accomplished by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."  Fed. R. Civ. P. 4(e)(1).  Service may also be accomplished by: (1) "delivering a copy of the summons and of the complaint to the individual personally"; (2) "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there"; or (3) "delivering a copy of each to an agent authorized by appointment or by law to receive service of process."  *Id.* 4(e)(2)(A)–(C).

---

[1] The text of the notice and waiver forms are appended to Federal Rule of Civil Procedure 4 and are available to download at https://www.uscourts.gov/forms/notice-lawsuit-summons-subpoena/notice-lawsuit-and-request-waive-service-summons (site last visited Oct. 2, 2023) and https://www.uscourts.gov/forms/notice-lawsuit-summons-subpoena/waiver-service-summons (site last visited Oct. 2, 2023).

Vermont Rule of Civil Procedure 4(d)(1) tracks the Federal Rule 4(e)(2)(A)–(C) for service upon an individual.[2]

Rule 4(l)(1) requires proof of service be made to the court and, "[u]nless service is waived, proof of service must be made . . . by the server's affidavit." *Id.* 4(l)(1).  "If a defendant is not served within 90 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time." *Id.* 4(m).

In this case, service of process was due by July 17, 2023, ninety days from the filing of the Complaint on April 17, 2023.  The Court issued summonses on July 13, 2023.  Although the court allowed additional time, when no proofs of service by a server's affidavit or waivers of service were filed by August 15, 2023, the court issued the OSC requiring Plaintiff to file proofs of timely service or to show good cause for his failure to serve Defendants.  Plaintiff's subsequent filing of copies of the summonses and USPS tracking documents is insufficient to show proper service as neither the Federal rule nor Vermont rule allow service on an individual by mail.  *See Green v. Jacobson*, 2004 WL 487323, at *1 (S.D.N.Y. Mar. 12, 2004) ("[S]ending a summons and complaint to a party's work address via certified mail does not satisfy Fed. R. Civ. P. 4(e).").  Because Plaintiff has not filed server's affidavits or waivers of service, he has not demonstrated his compliance with Rule 4.  Self-represented litigants are not excused from complying with procedural rules.  *See McNeil v. United States*, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

---

[2] The Vermont Rule specifies that if service of process is made on an agent "designated by statute to receive service, such further notice as the statute requires shall be given."  Vt. R. Civ. P. 4(d)(1).

Under Rule 4(m), where a defendant has not been served within ninety days of the plaintiff filing the complaint—as is the case here—the court is required to dismiss the action without prejudice or order that service be made within a specified time.  The Second Circuit has "interpreted this rule to give wide latitude to courts in deciding when to grant extensions on time to serve, including permitting courts to grant extensions even absent good cause." *Gerena v. Korb*, 617 F.3d 197, 201 (2d Cir. 2010).  In light of Plaintiff Williams self-represented status, his attempt to serve Defendants, and his response to the OSC, *see* Doc. 8, the court allows an extension of the time to serve process notwithstanding his failure to show good cause.  *See Zapata v. City of New York*, 502 F.3d 192, 196 (2d Cir. 2007) ("hold[ing] that district courts have discretion to grant extensions even in the absence of good cause").

Plaintiff shall cause service of a summons together with a copy of the Complaint on each defendant in accordance with Rule 4 by October 27, 2023.  Alternatively, Plaintiff may file properly completed waivers of service.  The waivers or proof of service of process by server's affidavit must be filed no later than November 9, 2023.  **Plaintiff is warned that failure to file a waiver or proof of service will result in dismissal of the action against any defendant who has not waived service of a summons or received proper service of process.**

Dated at Burlington, in the District of Vermont, this 3rd day of October 2023.

/s/ William K. Sessions III
William K. Sessions III
District Court Judge