UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | | |
|---|---|---|
| Sean L. Williams, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:23-cv-77 |
| | ) | |
| Joseph Lorman, Victoria Thope, | ) | |
| Wendy Dickie, Office of Child Support, | ) | |
| | ) | |
| Defendants. | ) | |

**FINAL ORDER EXTENDING TIME PERIOD FOR SERVICE OF PROCESS**

Plaintiff Sean L. Williams, a New York resident representing himself, brings this action against Defendants Joseph Lorman, Victoria Thope, Wendy Dickie, and the Office of Child Support. For the reasons explained below, Plaintiff's time for service of process is extended under Federal Rule of Civil Procedure 4(m) for a third and final time.

**I.      Procedural Background**

On April 17, 2023, Plaintiff paid the case filing fee and filed a Complaint against Defendants in the District Court for the Southern District of New York ("SDNY"). (Doc. 1.) On April 20, SDNY transferred the case to this court. Since August 2023, the court has issued five Orders in this case and has twice extended the time for service of process.

On October 4, 2023, the court first extended Plaintiff's time for service and ordered that waivers or proof of service of process by server's affidavit be filed no later than November 9, 2023. (Doc. 10.) Plaintiff timely filed four affidavits of service indicating the method of service was by mail and attaching copies of United States Postal Service ("USPS") tracking documents.

(Docs. 11–14.)  However, the court determined Plaintiff failed to demonstrate his compliance with Rule 4.[1]

Thus, on December 14, 2023, the court again extended Plaintiff's time for service and ordered that waivers or proof of service of process by server's affidavit be filed no later than January 26, 2024.  (Doc. 15.)  The court reissued summonses to Wendy Dickie, Joseph Lorman, Office of Child Support and Victoria Thope.

On January 11, 2024, Plaintiff filed four server's affidavits indicating the method of service was on an individual "designated by law to accept service on behalf" of the defendant purportedly served.  *See* Docs. 16–19.  Upon the filing of the affidavits, the Clerk's Office generated Answer deadlines in January 2024.  To date, the court has received no filings from Defendants or anything further from Plaintiff.

## II.      Federal Rule of Civil Procedure 4

Federal Rule of Civil Procedure 4 provides the framework for service of process once a civil action has been initiated.  Proper service is accomplished when the plaintiff causes the summons and a copy of the complaint to be served on the defendant. Fed. R. Civ. P. 4(c)(1) ("[a] summons must be served with a copy of the complaint").  Under Rule 4(b): "[T]he plaintiff may present a summons to the clerk for signature and seal.  If the summons is properly completed, the clerk must sign, seal, and issue it to the plaintiff for service on the defendant.  A

---

[1] Service by mail, instead of personally or by leaving a copy at their dwelling place, is not a permitted method of service on an individual.  Thus, the server's affidavits attesting to service by mail and the USPS tracking documents were insufficient to demonstrate proper service on Defendants Lorman, Thope, or Dickie.  The October 17 Order further explained that to the extent these Defendants may be officers of the State of Vermont, under Vermont Rule of Civil Procedure 4(d)(2), service of process may be made by delivering the summons and Complaint to the Attorney General or Deputy Attorney General. For this reason, the affidavit attesting to service by mail to the Office of Child Support also appeared to be insufficient as service on an agency of the State of Vermont must be made to the Attorney General or Deputy Attorney General.

summons . . . must be issued for each defendant to be served." *Id.* 4(b). "The plaintiff is responsible for having the summons and complaint served . . . and must furnish the necessary copies to the person who makes service." *Id.* 4(c)(1). The person who serves the summons and complaint must be at least eighteen years old and not a party to the action. *Id.* 4(c)(2).

Alternatively, under Rule 4(d), a plaintiff may "notify [the] defendant that an action has been commenced and request that the defendant waive service of a summons." *Id.* 4(d)(1). The defendant "has a duty to avoid unnecessary expenses of serving the summons." *Id.* The notice and waiver request must be in writing, addressed to the defendant or an authorized agent, include a copy of the complaint, two copies of the waiver form, a prepaid means for returning the form, inform the defendant of the consequences of waiving and not waiving service, allow at least thirty days for the defendant to return the waiver, and be sent by reliable means, such as via first-class mail. *Id.* 4(d)(a)(A)–(G). If the defendant fails to execute the waiver "without good cause," the court must order the defendant to pay "the expenses later incurred in making service[.]" *Id.* 4(d)(2). "In the absence of service of process (or waiver of service by the defendant, a court ordinarily may not exercise power over a party the complaint names as defendant." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999); *see also Esso Expl. & Prod. Nigeria Ltd. v. Nigerian Nat'l Petrol. Corp.*, 40 F.4th 56, 68–69 (2d Cir. 2022) (explaining that for a district court to "lawfully exercise personal jurisdiction over a party[,] the plaintiff's service of process upon the defendant must have been procedurally proper").

Under Rule 4(e), service of process on an individual from whom a waiver of service has not been obtained may be accomplished by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or

where service is made." Fed. R. Civ. P. 4(e)(1).  Service may also be accomplished by: (1) "delivering a copy of the summons and of the complaint to the individual personally"; (2) "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there"; or (3) "delivering a copy of each to an agent authorized by appointment or by law to receive service of process." *Id.* 4(e)(2)(A)–(C). Vermont Rule of Civil Procedure 4(d)(1) tracks the Federal Rule 4(e)(2)(A)–(C) for service upon an individual.[2]  Rule 4(l)(1) requires proof of service be made to the court and, "[u]nless service is waived, proof of service must be made . . . by the server's affidavit." *Id.* 4(l)(1).

## III.   Discussion

On January 11, 2024, Plaintiff timely filed proofs of service by server's affidavits, however, it appears that he has again failed to comply with Rule 4.  The affidavits do not indicate that any individual defendant was personally served or that the service documents were left at the defendant's dwelling with someone of suitable age who resides there.  Instead, the affidavits state: (1) the Office of Child Support's summons was served on Danielle Washington, Receptionist (Doc. 16); (2) Ms. Dickie's and Ms. Thope's summonses were served on Cynthia Bradshaw, Clerk (Docs. 17, 18); and (3) Mr. Lorman's summons was served on Melissa Smith, Receptionist/Clerk (Doc. 19).  Generally, an office manager, receptionist, or clerk is not authorized or designated by law to accept service of process.  *See Chandler v. Cent. Vt. Pub. Serv. Corp.*, 2012 WL 966491, at *2 (D. Vt. Mar. 21. 2012) (finding state defendants had not been properly served where summonses and complaint "were left with an office manager rather than being personally served, delivered to Defendants' homes, or served in some other fashion

---

[2] The Vermont Rule specifies that if service of process is made on an agent "designated by statute to receive service, such further notice as the statute requires shall be given." Vt. R. Civ. P. 4(d)(1).

that could comply with either state or federal law"); *Chandler v. Branchaud*, 2011 WL 4068004, at \*5 (D. Vt. Sept. 13, 2011) (finding insufficient service of process because administrative assistant at defendant's office was not authorized to accept service of process on defendant's behalf).

To effectively serve process on the Office of Child Support, Plaintiff must have "deliver[ed] a copy of the summons and of the complaint to its chief executive officer," Fed. R. Civ. P. 4(j)(2)(A), or "deliver[ed] a copy of the summons and of the complaint to the Attorney General or the Deputy Attorney General." Vt. R. Civ. P. 4(d)(2); *see also id.* 4(j)(2)(B). Accordingly, service on Ms. Washington, Receptionist does not appear to be valid service of process on the Office of Child Support under either the federal or Vermont rules.

If a plaintiff fails to serve a defendant in accordance with Rule 4, the court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). The Second Circuit has "interpreted this rule to give wide latitude to courts in deciding when to grant extensions on time to serve, including permitting courts to grant extensions even absent good cause." *Gerena v. Korb*, 617 F.3d 197, 201 (2d Cir. 2010). In light of Plaintiff Williams self-represented status and his third timely attempt to serve Defendants, the court will again allow an extension of the time to serve process.

Alternatively, if Plaintiff maintains that the service of process on Defendants was sufficient under Rule 4, because Defendants have not filed a responsive pleading, Plaintiff could seek the entry of a default. Federal Rule of Civil Procedure 55 provides a two-step process for obtaining a default judgment. "The first step is to obtain an entry of default" and the second step "requires the plaintiff to seek a judgment by default under Rule 55(b)." *Priestley v. Headminder, Inc.*, 647 F.3d 497, 504–05 (2d Cir. 2011) (per curiam); *see also* D. Vt. L.R. 55 ("A party must

first file a motion for entry of default, obtain a Clerk's Order of Default, and then file a separate motion for default judgment.").

## CONCLUSION

Pursuant to Federal Rule of Civil Procedure 4(m), the court GRANTS Plaintiff a third extension to serve process on the defendants. Alternatively, Plaintiff may request a clerk's entry of default under Federal Rule of Civil Procedure 55 and this court's Local Rule 55.

Plaintiff shall cause service of a summons together with a copy of the Complaint on each defendant in accordance with Rule 4 by April 19, 2024 or seek waiver of service. Properly completed waivers or proof of service of process by server's affidavit must be filed no later than April 26, 2024.

Plaintiff is warned that failure to file waivers or proofs of service or to seek default by April 26, 2024 may result in dismissal of the action. No further extension will be granted.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 12th day of March 2024.

/s/ William K. Sessions III_____
William K. Sessions III
District Court Judge