UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | | |
|---|---|---|
| Sean L. Williams, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:23-cv-77 |
| | ) | |
| Joseph Lorman, Victoria Thope, | ) | |
| Wendy Dickie, Office of Child Support, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER DENYING DEFAULT JUDGMENT
AND DISMISSING CASE WITHOUT PREJUDICE**
(Doc. 21)

Plaintiff Sean L. Williams, a New York resident representing himself, filed this action against Defendants Joseph Lorman, Victoria Thope, Wendy Dickie, and the Office of Child Support. Plaintiff moves for default judgment against Defendants. (Doc. 21.) For the reasons explained below, Plaintiff's motion is DENIED and this case is DISMISSED without prejudice.

**I.    Procedural Background**

On April 17, 2023, Plaintiff paid the case filing fee and filed a Complaint against Defendants in the District Court for the Southern District of New York ("SDNY"). (Doc. 1.) On April 20, SDNY transferred the case to this court. Since August 2023, the court has issued six Orders in this case and has extended the time for service of process three times.

On October 4, 2023, the court first extended Plaintiff's time for service and ordered that waivers or proof of service of process by server's affidavit be filed no later than November 9, 2023. (Doc. 10.) Plaintiff timely filed four affidavits of service indicating the method of service was by mail and attaching copies of United States Postal Service ("USPS") tracking documents.

(Docs. 11–14.)  However, the court determined Plaintiff failed to demonstrate his compliance with Rule 4.[1]

Thus, on December 14, 2023, the court again extended Plaintiff's time for service and ordered that waivers or proof of service of process by server's affidavit be filed no later than January 26, 2024.  (Doc. 15.)  The court reissued summonses to Wendy Dickie, Joseph Lorman, Office of Child Support and Victoria Thope.

On January 11, 2024, Plaintiff filed four server's affidavits indicating the method of service was on an individual "designated by law to accept service on behalf" of the defendant purportedly served.  *See* Docs. 16–19.  Upon the filing of the affidavits, the Clerk's Office generated Answer deadlines in January 2024, however, the court received no filings from Defendants.

As a result, on March 12, 2024, the court issued a Final Order extending Plaintiff's time for service for a third and final time.  The court reviewed Plaintiff's attempts at service of process on each Defendant and explained it did not appear that the service had complied with the requirements of Rule 4.  Plaintiff was ordered to complete service or seek waivers by April 19, 2024.  The court also explained the process to seek the entry of a default if Plaintiff contends that the service of process on Defendants was sufficient under Rule 4.  (Doc. 20 at 5–6.)  Plaintiff

---

[1] Service by mail, instead of personally or by leaving a copy at their dwelling place, is not a permitted method of service on an individual.  Thus, the server's affidavits attesting to service by mail and the USPS tracking documents were insufficient to demonstrate proper service on Defendants Lorman, Thope, or Dickie.  The October 17 Order further explained that to the extent these Defendants may be officers of the State of Vermont, under Vermont Rule of Civil Procedure 4(d)(2), service of process may be made by delivering the summons and Complaint to the Attorney General or Deputy Attorney General. For this reason, the affidavit attesting to service by mail to the Office of Child Support also appeared to be insufficient as service on an agency of the State of Vermont must be made to the Attorney General or Deputy Attorney General.

was warned that failure to file waivers or proofs of service or to seek default by April 26, 2024, could result in dismissal of the action and that no further extension would be granted.

On March 22, 2024, Plaintiff filed a document titled "Motion for Default Judgment" and addressed to the Clerk of Court requesting: "Please enter upon the docket the default of the Defendants . . . for failure to plead or otherwise defend[.]" (Doc. 21 at 1 (unnecessary capitalization omitted).) Plaintiff stated he served Defendant Lorman on December 19, 2023, and Defendants Dickie, Thope, and Office of Child Support on January 4, 2024. Because no defendant answered or otherwise appeared, Plaintiff "moves the court to sustain this motion and grant default judgment in Plaintiff's favor." *Id.* Plaintiff failed to file a certificate of service for his motion until April 22, 2024. (Doc. 22.) As a result, his motion was not ready for the court's review until the Defendants' response deadline passed on May 20, 2024. The court has received no further filings as of the date of this Order.

## II.     Federal Rule of Civil Procedure 4

Federal Rule of Civil Procedure 4 provides the framework for service of process once a civil action has been initiated. Proper service is accomplished when the plaintiff causes the summons and a copy of the complaint to be served on the defendant. Fed. R. Civ. P. 4(c)(1) ("[a] summons must be served with a copy of the complaint"). Under Rule 4(b): "[T]he plaintiff may present a summons to the clerk for signature and seal. If the summons is properly completed, the clerk must sign, seal, and issue it to the plaintiff for service on the defendant. A summons . . . must be issued for each defendant to be served." *Id.* 4(b). "The plaintiff is responsible for having the summons and complaint served . . . and must furnish the necessary copies to the person who makes service." *Id.* 4(c)(1). The person who serves the summons and complaint must be at least eighteen years old and not a party to the action. *Id.* 4(c)(2).

Alternatively, under Rule 4(d), a plaintiff may "notify [the] defendant that an action has been commenced and request that the defendant waive service of a summons." *Id.* 4(d)(1). The defendant "has a duty to avoid unnecessary expenses of serving the summons." *Id.* The notice and waiver request must be in writing, addressed to the defendant or an authorized agent, include a copy of the complaint, two copies of the waiver form, a prepaid means for returning the form, inform the defendant of the consequences of waiving and not waiving service, allow at least thirty days for the defendant to return the waiver, and be sent by reliable means, such as via first-class mail. *Id.* 4(d)(a)(A)–(G). If the defendant fails to execute the waiver "without good cause," the court must order the defendant to pay "the expenses later incurred in making service[.]" *Id.* 4(d)(2). "In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999); *see also Esso Expl. & Prod. Nigeria Ltd. v. Nigerian Nat'l Petrol. Corp.*, 40 F.4th 56, 68–69 (2d Cir. 2022) (explaining that for a district court to "lawfully exercise personal jurisdiction over a party[,] the plaintiff's service of process upon the defendant must have been procedurally proper").

Under Rule 4(e), service of process on an individual from whom a waiver of service has not been obtained may be accomplished by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Service may also be accomplished by: (1) "delivering a copy of the summons and of the complaint to the individual personally"; (2) "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there"; or (3) "delivering a copy of each to an agent

authorized by appointment or by law to receive service of process." *Id.* 4(e)(2)(A)–(C). Vermont Rule of Civil Procedure 4(d)(1) tracks the Federal Rule 4(e)(2)(A)–(C) for service upon an individual.[2]  Rule 4(l)(1) requires proof of service be made to the court and, "[u]nless service is waived, proof of service must be made . . . by the server's affidavit." *Id.* 4(l)(1).

## III.    Federal Rule of Civil Procedure 55

The Federal Rules of Civil Procedure provide a two-step process for obtaining a default judgment. Under Rule 55, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).  The second step "requires the plaintiff to seek a judgment by default under Rule 55(b)." *Priestley v. Headminder, Inc.*, 647 F.3d 497, 504–05 (2d Cir. 2011) (per curiam); *see also* D. Vt. L.R. 55 ("A party must first file a motion for entry of default, obtain a Clerk's Order of Default, and then file a separate motion for default judgment.").

## IV.    Discussion

On January 11, 2024, Plaintiff timely filed proofs of service by server's affidavits.  The affidavits, however, do not indicate that any individual defendant was personally served or that the service documents were left at the defendant's dwelling with someone of suitable age who resides there.  Instead, the affidavits state: (1) the Office of Child Support's summons was served on Danielle Washington, Receptionist (Doc. 16); (2) Ms. Dickie's and Ms. Thope's summonses were served on Cynthia Bradshaw, Clerk (Docs. 17, 18); and (3) Mr. Lorman's summons was served on Melissa Smith, Receptionist/Clerk (Doc. 19).  Generally, an office manager,

---

[2] The Vermont Rule specifies that if service of process is made on an agent "designated by statute to receive service, such further notice as the statute requires shall be given."  Vt. R. Civ. P. 4(d)(1).

receptionist, or clerk is not authorized or designated by law to accept service of process. *See Chandler v. Cent. Vt. Pub. Serv. Corp.*, 2012 WL 966491, at *2 (D. Vt. Mar. 21. 2012) (finding state defendants had not been properly served where summonses and complaint "were left with an office manager rather than being personally served, delivered to Defendants' homes, or served in some other fashion that could comply with either state or federal law"); *Chandler v. Branchaud*, 2011 WL 4068004, at *5 (D. Vt. Sept. 13, 2011) (finding insufficient service of process because administrative assistant at defendant's office was not authorized to accept service of process on defendant's behalf). Plaintiff has presented no evidence demonstrating that Ms. Washington, Ms. Bradshaw, or Ms. Smith were authorized to accept service of process. Plaintiff has failed to demonstrate sufficient service of process on any individual Defendant.

To effectively serve process on the Office of Child Support, Plaintiff must have "deliver[ed] a copy of the summons and of the complaint to its chief executive officer," Fed. R. Civ. P. 4(j)(2)(A), or "deliver[ed] a copy of the summons and of the complaint to the Attorney General or the Deputy Attorney General." Vt. R. Civ. P. 4(d)(2); *see also id.* 4(j)(2)(B). Accordingly, service on Ms. Washington, Receptionist, does not appear to be valid service of process on the Office of Child Support under either the federal or Vermont rules. Plaintiff has presented no evidence demonstrating that Ms. Washington is the chief executive officer of the Office of Child Support or either the Attorney General or Deputy Attorney General. Plaintiff has failed to demonstrate sufficient service of process on the Office of Child Support.

Plaintiff has failed to demonstrate valid proof of service on any Defendant. As a result, whether Plaintiff's motion is construed as seeking relief under either Rule 55(a) or Rule 55(b), the Clerk's Office cannot enter a default and the court cannot grant him a default judgment. In

the absence of valid service of process, Plaintiff's motion for default (Doc. 21) must be DENIED.

Rule 4(m) requires that if "a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff— must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).  In this case, the Complaint was filed over a year ago.  As Plaintiff has been warned several times that his case was subject to dismissal and warned that no further extensions would be granted, the Complaint is DISMISSED without prejudice in accordance with Rule 4(m) for failure to properly serve any Defendant.

## CONCLUSION

For the reasons explained above, Plaintiff's motion for default judgment (Doc. 21) is DENIED.  Pursuant to Federal Rule of Civil Procedure 4(m), Plaintiff's Complaint (Doc. 1) is DISMISSED without prejudice.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 11th day of June 2024.

/s/ William K. Sessions III
William K. Sessions III
District Court Judge